```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,

            - against -                      MEMORANDUM AND ORDER

ALWAR POURYAN and ODED ORBACH,               S1 11 Cr. 111 (NRB)

            Defendants.
------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Presently before the Court are the Government's motions <u>in limine</u> and defendant Alwar Pouryan's motion to preclude the Government's proposed expert witness. For the reasons set forth below, we grant the Government's motions and deny Pouryan's motion.

### BACKGROUND

Counts Four and Five of the Indictment charge defendants Alwar Pouryan and Oded Orbach (collectively, the "defendants") with conspiring to provide material support or resources to terrorists and conspiring to acquire, transfer, receive, or possess anti-aircraft missiles. Specifically, the Indictment charges that the defendants participated in a conspiracy to supply weapons to the Taliban. On March 28, 2013, the defendants waived their right to a trial by jury.

In the motions before the Court, the Government seeks to introduce evidence of the defendants' alleged involvement in other weapons transactions, either as direct proof of the

charged conspiracy or pursuant to Rule 404(b).[1] In addition, the Government moves to preclude the defendants from offering their post-arrest statements as prior consistent statements, pursuant to Rule 801(d)(1)(B), in the absence of an assertion by the Government that the testifying defendant recently fabricated a particular statement or acted from an improper influence or motive in testifying.

The defendants oppose portions of the Government's motions in limine.[2] In addition, Pouryan seeks to preclude the Government's proposed expert witness. According to the Government, this witness "will testify as to the logistics of carrying out international arms transactions (both legal and illegal), including the participants that are typically involved, the roles that they play in the transactions, the nature of the negotiations, and where and how military-grade weapons can be obtained by non-state actors." Government's Mem. of Law in Resp. to Def. Pouryan's Mot. to Preclude the Government's Expert Witness Ex. A.

---

[1] All textual citations to a "Rule" refer to the Federal Rules of Evidence.
[2] The defendants initially contested the Government's motion with respect to uncharged acts on the grounds that the Government did not specifically identify the evidence it seeks to introduce at trial. However, the Government later provided this evidence to the defendants on or around March 26, 2013.

**DISCUSSION**

**A. The evidence of uncharged acts is admissible under Rule 404(b)**

Evidence of uncharged acts is not considered "other act" evidence under Rule 404(b) "if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." United States v. Romero-Padilla, 583 F.3d 126, 130 (2d Cir. 2009) (internal quotation marks and alterations omitted). However, where, as here, "it is not manifestly clear that the evidence in question is intrinsic proof of the charged crime, the proper course is to proceed under Rule 404(b)." United States v. Midyett, 603 F. Supp. 2d 450, 460 (E.D.N.Y. 2009) (internal quotation marks omitted).

Under Rule 404(b), evidence of other acts "may be admissible" to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Courts in this Circuit follow an "inclusionary rule" that "allows the admission of such evidence for any purpose other than to show a defendant's criminal propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of [Rule 403]."

United States v. Greer, 631 F.3d 608, 614 (2d Cir. 2011) (internal quotation marks omitted).

In this case, evidence of the defendants' alleged involvement in other international weapons transactions is admissible under Rule 404(b) to explain the development of the relationship between the co-conspirators and to demonstrate the defendants' capacity, opportunity, and intent to provide weapons to the Taliban.[3]  See, e.g., United States v. Williams, 205 F.3d 23, 33-34 (2d Cir. 2000); United States v. Roldan-Zapata, 916 F.2d 795, 804 (2d Cir. 1990).  Because the evidence does not involve "conduct more serious than the charged crime," we find no undue prejudice, particularly where the Court is the trier of fact.  See Williams, 205 F.3d at 34.  Therefore, the evidence is properly admitted under Rule 404(b).

**B. The defendants are precluded from introducing evidence of their post-arrest statements, unless the Government contends that a testifying defendant recently fabricated his testimony**

Rule 801(d)(1)(B) limits the use of a witness's prior statements to those situations in which the statement "is

---

[3]  Although Pouryan contends that these acts are "separate and distinct" from those charged in the Indictment, Def.'s Resp. to Government's Mots. in Limine 1, the Court of Appeals has "upheld the introduction of evidence of prior bad acts dissimilar to the charged conduct" where such evidence "would nevertheless establish 'the development of the relationship' and 'the basis for the trust' between co-conspirators." United States v. Lopez, No. 09 Cr. 525 (JFK), 2010 WL 3452380, at *2 (S.D.N.Y. Sept. 1, 2010) (quoting United States v. Mercado, 573 F.3d 138, 141 (2d Cir. 2009)).

4

consistent with the declarant's testimony and is offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying." Fed. R. Evid. 801(d)(1)(B); see also United States v. Coplan, 703 F.3d 46, 84 (2d Cir. 2012) ("When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible.") (internal quotation marks omitted).[4] Accordingly, neither defendant may introduce his post-arrest statements unless (1) the defendant testifies and (2) the Government argues that the testimony was recently fabricated. See, e.g., United States v. Rodriguez-Salazar, 130 Fed. App'x 138, 139 (9th Cir. 2005). To the extent that future circumstances lead the defendants to believe that admission of their post-arrest statements is proper, the defendants may seek admission at that time.

**C. The Government may offer expert testimony concerning the logistics of international arms transactions**

In determining whether expert testimony is appropriate, "the district court must make a 'common sense inquiry' into 'whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular

---

[4] However, a defendant's prior out-of-court statement is not hearsay when offered by the Government. See Fed. R. Evid. 801(d)(2)(A).

5

issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.'" United States v. Gentile, 233 Fed. App'x 86, 87 (2d Cir. 2007) (quoting United States v. Locascio, 6 F.3d 924, 936 (2d Cir. 1993)). To be admissible, expert testimony must also satisfy the general rules of relevance and the probative-prejudice balancing test of Rule 403. Id. at 87-88.

As we have previously stated, testimony concerning the mechanics of international weapons trafficking will assist us, the trier of fact, in evaluating the evidence and issues presented in this case. Although Pouryan contends that the Government "intends to have the expert opine or 'semi-opine' as to the defendant's intent to participate in the charged crimes," Def.'s Reply to the Government's Resp. Regarding Expert Witnesses 1, we find no substantiation for this claim and, in any event, would not permit such testimony at trial. Pouryan does not argue, and this Court does not find, that the expert's testimony would be unduly prejudicial under Rule 403. Therefore, we deny Pouryan's motion to preclude the Government's proposed expert testimony concerning the logistics of international arms transactions.

## CONCLUSION

For the foregoing reasons, we grant the Government's motions (docket no. 91) and deny Pouryan's motion (docket no. 102).

Dated:  New York, New York
        April 3, 2013

                                          /s/ Naomi Reice Buchwald
                                          NAOMI REICE BUCHWALD
                                          UNITED STATES DISTRICT JUDGE


Copies of the foregoing Order have been mailed on this date to the following:

**Attorneys for the Government**

Christian Everdell, Esq.
Aimee Hector, Esq.
Glen Kopp, Esq.
United States Attorney's Office
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007

**Attorney for Defendant Alwar Pouryan**

Lee Ginsberg, Esq.
Freeman, Nooter & Ginsberg
75 Maiden Lane, Suite 503
New York, NY 10038

**Attorney for Defendant Oded Orbach**

Steven Frankel, Esq.
325 Broadway, Suite 502
New York, NY 10007