UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

       - against -                       S1 11 Crim. 111 (NRB)

MAROUN SAADE, et al.,            **MEMORANDUM AND ORDER**

               Defendants.
----------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

**I. Introduction**

    On April 19, 2013, after a nine-day bench trial, defendant Alwar Pouryan ("defendant") was found guilty of one count of conspiracy to provide material support to terrorists, in violation of 18 U.S.C. § 2339A, and one count of conspiracy to acquire and transfer anti-aircraft missiles, in violation of 18 U.S.C. § 2332g. On September 25, 2013, he was sentenced to a term of imprisonment of twenty-five years, to run concurrently on both counts, and a term of supervised release of ten years. At the sentencing hearing, defendant objected to the Government's proposed preliminary order of forfeiture, which, pursuant to 18 U.S.C. § 981(a)(1)(G), sought various items of jewelry, gold wafers, several wristwatches, a cell phone, and approximately $13,831.29 worth of U.S. and Iraqi currency.[1] The

---

[1] A total of seventy-four items, plus the U.S. and Iraqi currency, were seized from defendant in Romania, where he was arrested, and from his safe deposit boxes. See Government's Forfeiture Bill of Particulars, ECF No. 39.

Court stayed issuance of a preliminary order of forfeiture to allow defendant time to submit a motion opposing the forfeiture.

On October 28, 2013, defendant submitted the motion presently before the Court arguing that the proposed forfeiture violates the Eighth Amendment's proscription against excessive fines. For the reasons stated below, we disagree. Accordingly, defendant's motion is denied and the preliminary order of forfeiture will be entered.

**II. Discussion**

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "The Excessive Fines Clause limits the Government's power to extract payments, whether in cash or in kind, 'as punishment for some offense.'" <u>Austin v. United States</u>, 509 U.S. 602, 609-10 (1993) (citation omitted) (emphasis deleted). Forfeiture is considered a fine for purposes of the Excessive Fines Clause "[o]nly if the forfeiture may be characterized, at least in part, as punitive." <u>von Hofe v. United States</u>, 492 F.3d 175, 182 (2d Cir. 2007).

The statute under which forfeiture is sought here permits the Government to seize "all assets, foreign or domestic . . . of any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism (as defined in [18 U.S.C. §] 2332b(g)(5)) against the United States, citizens

or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization." 18 U.S.C § 981(a)(1)(G)(i).[2] Given that this statute is being invoked after defendant's conviction, and requires no connection between the property forfeited and defendant's crimes, such forfeiture can certainly be characterized as punitive. Accordingly, the forfeiture at issue here falls within the scope of the Excessive Fines Clause. See United States v. Bajakajian, 524 U.S. 321, 328 (1998) (holding that forfeiture of currency ordered by 18 U.S.C. § 982(a)(1) constitutes punishment subject to the Excessive Fines Clause); von Hofe, 492 F.3d at 182 (holding that forfeiture under 21 U.S.C. § 881(a)(7) falls within the scope of the Excessive Fines Clause). Therefore, the only question is whether it is constitutionally excessive.

The Supreme Court's decision in United States v. Bajakajian, the controlling case on excessiveness of in personam forfeiture,[3] guides our analysis. In Bajakajian, the Court held that "a punitive forfeiture violates the Excessive Fines Clause

---

[2] Section 981(a)(1)(G) is a civil forfeiture statute made applicable to criminal proceedings through 28 U.S.C. § 2461(c). Both statutes under which defendant was convicted, 18 U.S.C. §§ 2332g and 2339A, qualify as federal crimes of terrorism as defined in 18 USCS § 2332b(g)(5).
[3] There are two types of forfeiture: in personam and in rem. The former, which is at issue here, is an "assessment[], whether monetary or in kind, to punish the property owner's criminal conduct," while the latter is a "confiscation[] of property rights based on improper use of the property, regardless of whether the owner has violated the law." Austin v. United States, 509 U.S. 602, 624 (1993) (Scalia, J., concurring).

3

if it is grossly disproportional to the gravity of a defendant's offense." Bajakajian, 524 U.S. at 334. The burden rests on the defendant to show gross disproportionality. United States v. Castello, 611 F.3d 116, 120 (2d Cir. 2010).

Following Bajakajian, the Second Circuit articulated a four-factor test to determine whether a punitive forfeiture is grossly disproportional. These so-called "Bajakajian factors" are: (1) the essence of the crime of the defendant and its relation to other criminal activity, (2) whether the defendant fit into the class of persons for whom the statute was principally designed, (3) the maximum sentence and fine that could have been imposed, and (4) the nature of the harm caused by the defendant's conduct. United States v. Varrone, 554 F.3d 327, 331 (2d Cir. 2009). All four counsel against a finding of gross disproportionality in this case.

First, regarding factors 1 and 4, defendant was found guilty of conspiring to acquire and sell over $25 million worth of weapons, including anti-aircraft missiles, to the Taliban. This is indisputably a serious offense. His plan, if successful, would have empowered a terrorist organization and threatened the lives of United States soldiers abroad. The Government's interest in combating such harm is "an urgent objective of the highest order." Holder v. Humanitarian Law Project, 130 S. Ct. 2705, 2724 (2010).

4

Second, defendant's property is subject to forfeiture because he was convicted of "planning or perpetrating [two] Federal crime[s] of terrorism (as defined in [18 U.S.C. §] 2332b(g)(5)) against the United States." 18 U.S.C. § 981(a)(1)(G)(i). Both statutes under which he was convicted were designed to criminalize precisely the activity in which he was engaged, to wit, conspiring to provide material support to terrorists and to acquire and transfer anti-aircraft missiles. See 18 U.S.C. §§ 2332g, 2339A.

Finally, defendant faced a maximum sentence of life imprisonment and fine of $2 million. See 18 U.S.C. § 2332g(c)(1) (providing that a person convicted of violating or conspiring to violate § 2332g(a) may be "fined not more than $2,000,000" and "sentenced to a term of imprisonment not less than 25 years or to imprisonment for life"). In light of these substantial penalties that could have been imposed, as well as the other Bajakajian factors, we hold that the proposed forfeiture does not violate the Eighth Amendment.

Defendant contends that "by seizing assets with no reasonable nexus to his convictions, such forfeiture necessarily violates the Excessive Fines Clause and should be rejected." (Defendant's Memorandum of Law in Support of his Motion to Oppose Forfeiture at 4.) In support of his argument, he relies on von Hofe v. United States, 492 F.3d 175 (2d Cir. 2007), which

5

requires courts, when determining constitutional excessiveness, to consider, in addition to the Bajakajian factors, "the property's role in the offense." 492 F.3d at 184. However, defendant's reliance is misplaced. The holding in von Hofe was explicitly limited to in rem forfeitures, where property is seized in a civil proceeding because of its inherent connection to a crime. Id. at 184-85. For such forfeitures, the property's role in the offense is relevant for two reasons: first, because it is the property itself, not the owner, against which the Government technically proceeds; and second, since there has been no criminal conviction, establishing a connection between the property and the crime is necessary to "guard against an arbitrary taking of private property." Id. at 186. But where, as here, "the Government has sought to punish [a defendant] by proceeding against him criminally, in personam," the property's role in the offense is "irrelevant" to an excessiveness inquiry. Bajakajian, 524 U.S. at 333.

**III. Conclusion**

In conclusion, for the reasons stated above, the Court denies defendant's motion opposing the Government's proposed preliminary order of forfeiture. Accordingly, the Court will enter the preliminary order of forfeiture.

6

Dated: New York, New York
December 27, 2013

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

Attorneys for the Government:
Christian R. Everdell, Esq.
Aimee Hector, Esq.
United State Attorney's Office SDNY
1 Saint Andrew's Plaza
New York, NY 10007

Attorney for Defendant:
Lee Alan Ginsberg, Esq.
Freeman Nooter & Ginsberg
75 Maiden Lane, Suite 503
New York, NY 10038