UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

THE UNITED STATES OF AMERICA,

⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀- against -

FRANCIS SOUROU AHISSOU,

⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Defendant.

----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/16/2015

**O R D E R**

11 Cr. 111-03 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


⠀⠀⠀⠀Defendant Francis Ahissou, acting pro se, has moved for a reduction of his sentence based on Amendment 782 to the U.S. Sentencing Guidelines, a retroactive amendment that provides for certain defendants to be resentenced for drug offenses as of November 1, 2015.   See U.S. Sentencing Guidelines Manual § 1B1.10(b)(1),(d),(e)(1) (Nov. 1, 2014).   Defendant has also submitted a handwritten note requesting placement in a halfway house or early release for deportation, in order to assist his family in rural Togo.

⠀⠀⠀⠀In May 2013, defendant pled guilty to conspiracy to import cocaine, 21 U.S.C. § 963.   Applying the Sentencing Guidelines then in force, we calculated an advisory range of 135 to 168 months' imprisonment, based on a Base Offense Level of 38,[1]

---

[1] Defendant states incorrectly that his Guidelines range was based on 800 grams of cocaine, the quantity that defendant personally brought to one meeting of the conspirators.   The aim of the conspiracy, however, was to

downward adjustments of 5, and a Criminal History Category of I. Nevertheless, we sentenced defendant to a below-Guidelines term of 66 months' imprisonment.

Amendment 782 reduced defendant's Guidelines range to 108 to 135 months, based on a Base Offense Level of 36, the same downward adjustments, and the same Criminal History Category. However, Amendment 782 does not allow a defendant to be resentenced to a term below the amended Guidelines range, unless the defendant's original sentence deviated from the original Guidelines range in order to reward the defendant's substantial assistance to authorities. See U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(A),(B) (Nov. 1, 2014).

Defendant's original sentence of 66 months is below even his amended Guidelines range, and defendant's original sentence was not the result of a substantial assistance motion. Therefore, Amendment 782 does not permit a further reduction in defendant's sentence.

Furthermore, we have no general authority to reduce a sentence or to instruct the Bureau of Prisons to place an inmate in any particular program or facility, so long as the Bureau considers all appropriate factors when exercising its

---

import at least 150 kilograms of cocaine into the United States. This far greater quantity was the basis for the calculations in defendant's pre-sentence report, to which defendant did not object. See Sentencing Tr. 3:13-17, ECF No. 165.

2

discretion.    See 18 U.S.C. § 3582(c); United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995).

Accordingly, defendant's motion (ECF No. 203) and his letter-motion (filed concurrently with this Order) are denied.

Dated:    New York, New York
          March *13*, 2015

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

3

A copy of the foregoing Order has been mailed on this date to the following:

*Counsel for the Government*
Aimee Hector, Esq.
Christian Everdell, Esq.
U.S. Attorney's Office
1 St. Andrews Plaza
New York, NY 10007

*Counsel of Record for Defendant*
Joel M. Stein, Esq.
30 Wall Street, 8th Floor
New York, NY 10005

*Defendant*
Francis Sourou Ahissou
#64724-054
FCI FAIRTON
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320